# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW AJZENMAN, et al. | 2:20–cv–03643–DSF–JEM |
| Plaintiff(s), | |
| v. | STANDING ORDER FOR CASES ASSIGNED TO JUDGE DALE S. FISCHER |
| OFFICE OF THE COMMISSIONER OF BASEBALL, et al. | |
| Defendant(s). | |

## READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.

Counsel for plaintiff shall immediately serve this order on all parties, including any new parties to the action.  If this case was removed from state court, the defendant that removed the case shall serve this Order on all other parties.

Plaintiffs who have electronically filed a complaint are ordered to provide a paper copy of the conformed complaint to Judge Fischer's mailbox on the Fourth Floor of the First Street Courthouse.

**Counsel must advise the Court immediately if the case or any pending matter has been resolved.**

## 1.      Presence of Lead Counsel

**Lead trial counsel shall attend any proceeding <u>set by this Court</u>, including all scheduling, pretrial, and settlement conferences.  Only <u>ONE</u> attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court.  Unless lead counsel's absence is excused by the Court for good cause in advance of the hearing, or is due to an emergency that prevented prior notice, the Court reserves the right to designate the attorney handling such proceeding as lead counsel for all purposes.  Failure of lead counsel to appear will be grounds for sanctions**.

Version: 1/17/2019

**2.      Discovery**

All discovery matters are referred to the assigned magistrate judge.  All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel should not deliver Chambers copies of these documents to Judge Fischer.

Proposed protective orders pertaining to discovery must be submitted to the assigned magistrate judge.  Proposed protective orders should not purport to allow, without further order of Judge Fischer, the filing under seal of pleadings or documents filed in connection with a dispositive motion (including a class certification motion) or trial before Judge Fischer.  The existence of a protective order does not alone justify the filing of pleadings or other documents under seal, in whole or in part.

**3.      E-Filing Requirements**

**a.      Proposed Orders**

Proposed orders must be on pleading paper and should not contain attorney names, addresses, etc. on the caption page, should not contain a footer with the document name or other information, and should not contain a watermark or designation of the firm name, etc. in the margin.  Documents that do not meet this requirement may be stricken.

**b.      Mandatory Paper Chambers Copies**

**Documents will not be considered until paper Chambers copies are submitted, so paper Chambers copies of all documents for which priority processing is requested should be submitted on the same day as the filing**.  Paper Chambers copies should **not** require the signature of the recipient.

**All** exhibits must be separated by a tab divider on the right or bottom of the document.  If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the Chambers copy must be in a separately tabbed binder and include a Table of Contents.  If such evidence exceeds 200 pages, the Chambers copy of such evidence, including a Table of Contents, must be placed in a Slant D-Ring binder with each item of evidence separated by a tab divider on the right or the bottom.  All documents contained in the binder must be three-hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.  Failure to comply with this requirement may result in the Court striking the motion or declining to consider the exhibits.

**4.      Motions - General Requirements**

**a.      Time for Filing and Hearing Motions**

This Court hears civil motions on Mondays, beginning at 1:30 p.m.  If Monday is a court holiday, motions will be heard on the next Monday.  If the motion date selected is not available, the Court will issue a minute order continuing the date.  Opposition papers due on a Monday holiday may be filed the following Tuesday.  In such cases, reply papers may be filed on the next Tuesday.

Adherence to the timing requirements is mandatory for Chambers' preparation of motion matters.  The parties may stipulate to a different briefing schedule, so long as the schedule provides at least two weeks between the filing of the reply and the hearing date.

**If the parties are able to resolve the issue, or if a party intends to withdraw or declines to oppose a motion, the Court must be notified as soon as possible, but no later than seven days before the hearing date.  Failure to oppose a motion will likely result in the motion being granted immediately after the opposition would have been due.**

**b.      Pre-filing Requirement**

Counsel **must** comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."  Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court.  **The *pro per* status of one or more parties does not eliminate this requirement.  Failure to comply with this Rule will be grounds for sanctions.  If fault is attributed to the moving party, the Court may decline to hear the motion.**

**c.      Length and Format of Motion Papers**

Memoranda of points and authorities in support of or in opposition to motions shall not exceed 25 pages.  Replies shall not exceed 12 pages.  Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.

**d.      Citations to Authority**

Citations to case law must identify not only the case cited, but the specific page referenced.  When citing to legal databases (which is not encouraged), whenever possible cite to Westlaw rather than Lexis.

Statutory references should cite to the United States Code and not solely a section of a particular act.  Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced.  If these are not readily accessible, copies should be attached.  This is especially important for historical materials, *e.g.*, older legislative history.

Citations that support a statement in the main text must be included in the main text, not in footnotes.

## 5.      Specific Motion Requirements

### a.      Motions Pursuant to Rule 12

Motions to dismiss are strongly discouraged.  Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required under Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment).

If the Court grants a motion to dismiss without prejudice to filing an amended complaint, the plaintiff shall file an amended complaint within the time period specified by the Court.  A "redlined" version of the amended complaint shall be delivered to Chambers indicating all additions and deletions to the prior version of the complaint.  Failure to file an amended complaint within the time allotted will result in dismissal of the action with prejudice.

### b.      Motions to Amend Pleadings

The motion must state the effect of the amendment, and must state the page, line numbers and wording of any proposed change or addition of material.  A "redlined" version of the proposed amended complaint shall be delivered to Chambers indicating all additions and deletions to the prior version of the complaint.  In addition to the requirements of the Local Rules, all amended pleadings shall be serially numbered to differentiate the amendment from previous amendments.

### c.      Motions for Summary Judgment

Please refer to Judge Fischer's Standing Order re Motions for Summary Judgment at www.cacd.uscourts.gov.

## 6.      Telephonic Hearings

The Court is unlikely to agree to a telephonic appearance in the absence of extraordinary circumstances preventing counsel from appearing in person.

7.      **Ex Parte Applications (Including Applications for Temporary Restraining Orders)**

In addition to the requirements of Local Rule 7-19, the moving party must notify the opposition that opposing papers are to be filed no later than 24 hours (or one court day) following such service.  The Court generally will not rule on any application for such relief for at least 24 hours (or one court day) after the party subject to the requested order has been served, unless service is excused.  If opposing counsel does not intend to oppose the ex parte application, counsel must advise the courtroom deputy clerk.  The Court considers ex parte applications on the papers and usually does not set these matters for hearing.  The application will not be considered until a mandatory chambers copy has been provided.  Sanctions may be imposed for misuse of ex parte applications.

8.      **Applications or Stipulations For Extension of Time**

No stipulation extending the time to file any required document or to continue any date is effective until and unless the Court approves it, or unless the Federal Rules of Civil Procedure provide for an automatic extension.  Both applications and stipulations must set forth:

1.   The existing due date or hearing date, the discovery cut-off date, the last day for hearing motions, the pretrial conference date and trial date;

2.   Specific reasons (contained in a detailed declaration) supporting good cause for granting the extension or continuance.  (A statement that an extension "will promote settlement" is insufficient.  The requesting party or parties must indicate the status of ongoing settlement negotiations.  The possibility of settlement ordinarily will not be grounds for continuance.);

3.   Whether there have been prior requests for extensions, and whether these requests were granted or denied by the Court; and

4.   A description of the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied.

The request must be made before the date to be continued.  The Court grants continuances only on a showing of good cause.  Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties.

9.      **Cases Removed From State Court**

If a motion was pending in state court before the case was removed, it must be re-noticed in accordance with Local Rule 7.  If a removed action contains a "form pleading" *i.e.* a pleading in which boxes are checked, the party or parties that filed

the form pleading must file an appropriate pleading with this Court within 30 days of receipt of the notice of removal.

## 10.    Status of Fictitiously Named Defendants

This Court adheres to the following procedures when a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the complaint.  *See* 28 U.S.C. §§ 1441(a) and 1447.

1.   Plaintiff shall ascertain the identity of and serve any fictitiously named defendants before the date of the Rule 16(b) scheduling conference. The Court generally will dismiss Doe defendants on the date of the scheduling conference, as they prevent the Court from accurately tracking its cases.

2.   If plaintiff believes (by reason of the necessity for discovery or otherwise) that all fictitiously named defendants cannot be identified within that period, a request to extend the time must be made in the Joint Rule 26 Report. Counsel should be prepared to state the reasons why fictitiously named defendants have not been identified and served.

3.   If a plaintiff wants to substitute a defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel).  If consent is withheld or denied, plaintiff should file a motion on regular notice.  The motion and opposition should address whether the matter should thereafter be remanded to the superior court if diversity of citizenship is destroyed by the addition of the newly substituted party.  *See* 28 U.S.C. § 1447(c) and (e).

## 11.    ERISA Cases Concerning Benefit Claims

The Court will hear motions to determine the standard of review, whether discovery will be permitted, and the scope of the administrative record.  There will be a court trial (usually confined to oral argument) on the administrative record. Counsel are discouraged from filing motions for summary judgment or partial summary judgment on any other issue.  If they choose to do so, they must distinguish *Kearney v. Standard Insurance Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999) in the moving papers and explain why summary judgment is not precluded.

## 12.    Communications with Chambers

Counsel shall not attempt to contact the Court or its Chambers staff by telephone or by any other ex parte means.  Counsel may contact the **courtroom deputy clerk** with **appropriate** inquiries.  To facilitate communication with the courtroom deputy

clerk, counsel should list their e-mail addresses along with their telephone numbers on all papers.

**13.     Parties Appearing *in Propria Persona***

   *Pro per* litigants are required to comply with all local rules, including Local Rule 16.  In this Order, the term "counsel" includes parties appearing *in propria persona*. Only individuals may represent themselves.

**14.     "Notice of Unavailability"**

   While the Court expects that counsel will conduct themselves appropriately and will not deliberately schedule Court or other proceedings when opposing counsel are unavailable, a "Notice of Unavailability" has no force or effect in this Court. Such documents should not be filed.

**CAVEAT:  If counsel fail to file the required Joint Rule 26(f) Report, or the required pretrial documents, or if counsel fail to appear at the scheduling conference, the pretrial conference, or any other proceeding scheduled by the Court, and such failure is not satisfactorily explained to the Court: (1) the cause shall be dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff, (2) default (and thereafter default judgment) shall be entered if such failure occurs on the part of the defendant, or (3) the Court may take such action as it deems appropriate.**

   IT IS SO ORDERED.

Date:  April 22, 2020

_____
Dale S. Fischer
United States District Judge